IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RECEIVED
2006 AUG -1 P 3: 17

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Civil Case Number: 1:06-mc-3297-MHT |
| v. | ) | |
| | ) | |
| Barry S. Ford, | ) | |
| | ) | |
| Respondent. | ) | |

## RESPONSE to

## ORDER TO SHOW CAUSE

### resulting from

## PETITION TO ENFORCE INTERNAL REVENUE SUMMONS

### and

## MOTION TO DISMISS

Respondent Barry S. Ford respectfully submits this Response to this Court's Order and in response to the Petition filed by the Petitioner, and Moves this Court to Dismiss the proceeding for lack of Subject Matter Jurisdiction and because Petitioner is knowingly acting on false and possibly fraudulent information.

Respondent has had a series of exchanges with various IRS personnel over several years claiming that the IRS has severely inaccurate data concerning him. He has attempted to get a number of IRS personnel to address his letters and not one of them has ever bothered to answer, much less make an attempt to resolve the errors. Respondent has known for years, and informed

the IRS on many occasions, that the IRS has misidentified him in his permanent records in serious and substantial ways having him listed as a business and being involved in some revenue-taxable activity, probably related to alcohol, tobacco or firearms. It is obvious that the IRS has Respondent identified as a business because all attempts to collect taxes supposedly due and unpaid have come from the Small Business Department, and all collection letters have been in the form of CP letters using 3 digits, such as CP-515, CP-518 and CP-504. All CP letters with 3 digits are described in the Internal Revenue Manual as being reserved for use only with businesses and not with individuals. These and other IRS collections efforts have demonstrated that the IRS knows Respondent as business and not as an individual.

It has been only recently, however, that Respondent has discovered just how inaccurate the files of the IRS were concerning him. Respondent has obtained his Individual Master Files, and other official files the IRS keeps on him and his tax situation. In the IMF, Respondent has discovered that the IRS has him listed as a small business earning as much a $10,000,000 a year and using a Social Security Number not belonging to him to report various income tax information.

Further, the IMF has a special code entered in it that is supposed to lock the file from any IRS activity unless and until the IRS resolves what it already has acknowledged in the IMF as serious errors. Yet the IMF shows another entry that temporarily lifts this "file lock" and allows the IRS to make additional entries and conduct additional actions against him without resolving these serious issues in spite of the file "lock out". The entry that temporarily suspends the lock imposed by the IRS software is apparently fraudulent, and allows the IRS to conduct additional actions and make additional entries in spite of the fact that the IRS has officially suspended all actions until the apparent errors have been resolved. For a detailed description of some of the

errors in Respondent's Individual Master File, see the attached Memorandum of Law, Respondent's Exhibit 2.

Respondent has claimed and provided proof to the Internal Revenue Service on a number of occasions that it is proceeding against him based on false data contained in the Individual Master File maintained by the Service. The Service knows this file is inaccurate but has so far refused to correct the data. Regardless of Petitioner's claim to the contrary, Respondent does not dispute the Service's authority to issue Summons or to review a taxpayer's books and records. Respondent does, however, refute the Service's presumption that it has the authority to issue a Summons in his name or to require Respondent to produce any books and records because of the clear errors in the record.

The Service maintains an Individual Master File on every individual who has ever filed a tax return. Federal law requires the Service to maintain accurate records or to not keep records at all. This is clearly set forth in the Privacy Act of 1974, (5 USC 552a (d)(2)(A) and (B) and (d)(3)) and 31 CFR Part 1, Subpart C, Appendix B and 1.27 (regulations issued by the Office of Management and Budget) and the procedures set forth in the Internal Revenue Service <u>Disclosure of Official Information Handbook,</u> Chapter 18, titled, <u>Privacy Act Access and Amendment of Records.</u>

<u>IRM 3.13.5.2.1.1 (01-01-2003)</u> MAINTAINING THE IMF ENTITY states:

> "It is **our responsibility** to correct and research a taxpayer's account when problems exist on the IMF." (*Emphasis Added*)

The Service has been notified of some of the errors it has entered in Respondent's IMF and Respondent has requested the Service postpone actions against him until additional errors

can be identified and the record corrected. See Respondent's Exhibit 1, Demand for Records Correction. Thus far, the Service has refused to correct the record and has continued in its attempt to collect information and taxes. This is in clear violation of The Privacy Act, the Code of Federal Regulations, and the Internal Revenue Manual, among other legal requirements. Respondent believes the Service has refused to make corrections in the IMF only because it will be able to collect more revenue if the record contains inaccuracies. And the Service has attempted to enlist the help of this Honorable Court in its collection activities against Respondent in a dishonorable attempt to gain color of law for its unlawful activities.

In addition, Petitioner has claimed certain "facts" in his **Petition to Enforce Internal Revenue Service Summons** as if they are true, knowing full well they are either not true or they are incomplete or they do not apply.

1.     Petitioner claims this is a "proceeding brought pursuant to the provisions of 26 U.S.C. Sections 7402(b) and 7604(a)." Yet Petitioner knows that the authority and implementing regulations for these sections rest not in Title 26 Income Taxes but in Title 27 Alcohol, Tobacco and Firearms Taxes. The Parallel Table of Authorities, located in 26 CFR, indicates that the only taxpayers Petitioner can investigate and pursue, based on the above sections of 26 U.S.C., are those taxpayers involved in Title 27 alcohol, tobacco and firearms activities, so such regulations and requirement based in Title 27 can have no relevance to him. Petitioner knows this and is moving forward under false pretenses and false authority. He knows that the named Revenue Officer and her department have the authority and jurisdiction to move against and investigate certain business entities that are engaged in these business activities, but he knows the named Revenue Officer and her department have no

authority to investigate individuals who have never engaged in those business activities under her authority. Yet, in spite of this, he moves forward against Respondent, and asks this Honorable Court to participate in his unfounded and apparently illegal investigation.

2. Revenue Officer Cauley claims to be a "revenue officer employed in the Small Business/Self-Employed Compliance Gulf States Area of the Internal Revenue Service." Yet Revenue Officer Cauley knows that Respondent is an individual and not a Small Business nor a "self-employed business" subject to the authority of her division. Her department apparently does have authority to investigate certain business taxpayers, but not this particular individual. Revenue Officer Cauley knows this, and has made absolutely no attempt to prove or even allege that Respondent is just such a Small Business or "self-employed business" that is subject to the authority and jurisdiction of him and his department. When challenged on this issue, Revenue Officer Cauley has remained mute.

3. Respondent does live at the address claimed by Petitioner.

4. Revenue Officer Cauley did initiate and is conducting an investigation into the collection of the alleged tax liability of the Respondent. Yet Revenue Officer Cauley knows her investigation is based on IRS records that show Respondent to be a Small Business which is falsely and illegally using the Social Security Number belonging to someone else. These allegations are untrue and inaccurate, and Revenue Officer Cauley knows this because she has been informed of this on more than one occasion. In addition, Revenue Officer Cauley knows that she and her Division would have no authority to be investigating anything at all concerning Respondent if the records maintained by the Service

were accurate and showed him to be an individual, not a small business, and not involved in any alcohol, tobacco or firearms related activity.

5.      Petitioner claims that "Respondent is in possession and control of testimony and documents concerning the above-described investigation." Yet Petitioner knows that Respondent has no records or testimony at all related to any business activities subject to any lawful investigation in which any IRS Revenue Officer or the Small Business Division might be involved.

6.      Petitioner claims that an IRS Summons was issued to Respondent to appear before Revenue Officer Cauley and "to produce books, papers, records and other date described in the summons." Said Officer did indeed issue such a summons, prompting a response from Respondent in a timely manner. But the IRS and Revenue Officer Cauley had been informed of these facts several times in the past, to no avail. Revenue Officer Cauley was informed once again that Respondent was an individual and not a business, and that she was moving forward based on false and inaccurate claims in the IRS files. Respondent cannot have possession of or access to "books, papers, records and other data" involving any business that she has the authority to investigate if he has absolutely no knowledge of or involvement in that business. And her department does not have the authority, nor does she have any reason, to investigate an individual not involved in the business activities that are under their authority and jurisdiction.

7.      Petitioner inaccurately states that Respondent did not appear at the hearing Revenue Officer Cauley requested. Revenue Officer Cauley states in her declaration that Respondent did appear at the hearing on November 30, 2004 and that it had been re-scheduled. Petitioner

also neglects to mention that Respondent sent a timely letter clearly making the claim that said Revenue Officer was in error in her authority to demand such a meeting of an individual who is not involved in a revenue-taxable activity under her authority and jurisdiction. Yet Revenue Officer Cauley totally ignored that letter and has moved forward as if Respondent simply neglected or refused to show up. In addition, and much more important, Revenue Officer Cauley totally ignored the clear and obvious errors in her files and moved forward as if they were accurate, in clear violation of the Statutes mentioned above.

8.     Petitioner claims that the "books, papers, records, or other data sought by the summons are not already in possession of the Internal Revenue Service." Respondent has no way of knowing that since he claims to have no knowledge of or access to the demanded data.

9.     Petitioner claims that "all administrative actions required by the Internal Revenue Code" have been taken. But the single most important administrative action, one required by several federal Statutes, was never taken at all – that of correcting the records. Had Revenue Officer Cauley taken that last administrative step, one required by law and one refused by the IRS, then she would never have had to waste the valuable time of the Honorable Court.

10.    Petitioner claims that it is "necessary to obtain the testimony and to examine the books, papers, records and other data sought by the summons in order to conduct a proper investigation of Respondent's federal tax liability…". Yet Petitioner is absolutely wrong in his assertion. Petitioner knows that if the investigation moves forward based on erroneous data and assumptions, any and all conclusions from that investigation will be totally inaccurate, and possibly fraudulent. Petitioner has been informed of the egregious errors

in the files, and he has been totally and completely negligent in correcting those records. For the IRS to move forward in its investigation in light of those clearly established errors would be fruitless, and possibly fraudulent.

Wherefore, the Respondent respectfully prays:

1. That this Court dismiss these proceedings against Respondent, for the lack of Subject Matter Jurisdiction, because Petitioner is presuming that Respondent is involved in certain business activities subject to the authority and jurisdiction of the Small Business Division without making any claims to that effect, much less offering any proof to that effect. Absent any proof of Petitioner's authority in this matter, there can be no legitimate Summons issued by the IRS in Respondent's name and there can be no legitimate request for Court action in this matter. In addition, Respondent is requesting that this Court dismiss these proceedings because to move forward without correcting obviously false and misleading data would result in erroneous conclusions, and would waste the time of this Honorable Court.

2. That this Court demand that Petitioner correct or caused to be corrected the records upon which he is relying in his efforts to facilitate the investigation into Respondent. Without those records being accurate, and the accuracy being assured antecedent to any investigation, then he is merely assuring that error is piled on top of error. Nothing good can come of that except that Revenue Officer Cauley can claim to her superiors that she is doing "something" as if doing "something" is better than doing "something right." Again, for additional evidence that the Individual Master File maintained by the Service is clearly and obviously inaccurate, please refer to Respondent's Exhibit 2.

3. That Respondent be granted the amount of $1,800 which covers the costs of seeking

legal guidance in how to address Petitioner's continued harassment and continued refusal to correct the records, and the costs of obtaining expert assistance in the decoding and analysis of the Individual Master File and other IRS records.

4.  That the Court grant such other and further relief as is just and proper where an employee of the federal government persists in continual harassment of an individual American Citizen in light of known errors that would have stopped the harassment if corrected when they were first brought to light.

Respectfully submitted on this 1st day of August, 2006.

Sincerely,

Barry S. Ford
1704 Trawick Road
Dothan, AL  36305

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing Response and Motion to Dismiss was hand delivered to:

>R. Randolph Neeley
>Assistant United States Attorney
>One Court Square, Suite 201
>Montgomery, AL 36104

Done this 1st day of August, 2006.

_____
Barry S. Ford