IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No.: **1:06-mc-3297-MHT** |
| | ) | |
| BARRY S. FORD, | ) | |
| | ) | |
| Respondent. | ) | |

**RESPONSE TO RESPONDENT'S MOTION TO DISMISS**

Comes now the petitioner, United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and in response to the petitioner's Motion to Dismiss (Doc. 9), states as follows:

1. In <u>United States et al. v. Powell et al.</u>, 379 U.S. 48, (1964), the Supreme Court provided that:

> Reading the statutes as we do, the Commissioner need not meet any standard of probable cause to obtain enforcement of his summons, either before or after the three-year statute of limitations on ordinary tax liabilities has expired. He must show that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the Code have been followed - in particular, that the "Secretary or his delegate" after investigation, has determined the further examination to be necessary and has notified the taxpayer in writing to that effect. This does not make meaningless the adversary hearing to which the taxpayer is entitled before enforcement is ordered. At the hearing the "may challenge the summons on any appropriate ground," <u>Riesman v. Caplin</u>, 375 U.S. 440, at 449.

In <u>United States et al. v. MacElvain</u>, 71 A.F.T.R. 2d (RIA) 2069 (M.D. Ala. 1993) and <u>Goodson, et al. v. United States</u>, 53 A.F.T.R 2d (RIA) 1456 (M.D. Ala. 1984) this honorable court cited <u>Powell</u>. Particularly, this honorable court In <u>MacElvain</u> stated:

> To obtain enforcement of a summons issued in the course of an IRS investigation, the IRS must be able to demonstrate, first, that the investigation will be conducted pursuant to a legitimate purpose; second, the inquiry will be relevant to that purpose; third that the information sought is not already in the IRS's possession; and fourth, that the IRS has taken the administrative steps necessary to the issuance of the summons. <u>United States v. Powell</u>, 379 U.S. 48, 57-59, 85 S. Ct. 248, 255, 13 L.Ed. 2d 112 (1964); <u>United States v. Leventhal</u>, 961 F. 2d 936, 939-40 (11th Cir. 1992). The IRS may satisfy this burden merely by presenting an affidavit that attests to these facts sworn to an officer or agent who issued the summons. If the IRS makes this showing, the burden then shifts to the respondent either to disprove one of the four Powell factors or to demonstrate that enforcement of the summons would constitute an abuse of the court's discretion.

The required showing has been made in these proceedings and the petitioner adopts and incorporates herein by reference the averments contained in the declaration of Revenue Officer Brenda Cauley filed herein on April 28, 2006 (Doc. 1, Att.1). The respondent's "Response to Order to Show Cause, . . ., and Motion to Dismiss" (Doc. 9) is void of any admissible evidentiary support to refute her assertions or that would entitle him to any relief or even require an evidentiary hearing.

Notably, the petitioner alleges that the Service has failed to take the necessary administrative preconditions to the issuance of the summonses because it has not corrected entries in his Individual Master File (IMF) and he also demands those

corrections be ordered by this Court to be made. He invokes the Privacy Act, 5 U.S.C. § 552a. He is demanding that the Service "correct or caused to be corrected the records upon which he is relying in his efforts to facilitate the investigation into Respondent." The respondents requests and thus his claim that administrative procedures have not been followed are meritless.

      Title 26, United States Code, Section 7852(e) states that "[t]he provisions of subsection (d), (2), (3), and (4) and (g) of section 552a of title 5, United States Code, shall not be applied, directly or indirectly, to the determination of the existence or possible existence of liability (or the amount thereof) of any person for any tax, penalty, interest, fine, forfeiture, or other imposition or offense to which the provisions of this title apply." "[S]everal courts have found that, under § 7852(e), the district court does not have jurisdiction over civil actions seeking access to, or amendment of, IRS records pertaining to tax liability." Swartz v. Internal Revenue Service, 2006 WL 1374472 (E.D.Mich. 2006) (Slip Copy attached hereto as Attachment 1).

      2.    The respondent's Motion to Dismiss, in essence, advances two arguments as to why the petitioner's Petition to Enforce Internal Revenue Service Summons should be dismissed: a) the statutory provisions, 26 U.S.C. §§ 7402(b) and 7604(a), which confer jurisdiction on district courts to enforce IRS administrative summonses, are limited by "implementing regulations" that apply only to Alcohol, Tobacco, and Firearms activities; b) that the Small Business/Self-Employed Business Division, had no authority

upon which to issue and serve the summons that is in dispute because the respondent is not a small business or a self-employed individual.  Both of these arguments are meritless.

    3.    The respondent's argument that the Service's IRS' authority to bring a proceeding pursuant to either 26 U.S.C. § 7402(b) or § 7604(a) arise only from "implementing regulations ... not in Title 26 Income Taxes but in Title 27 Alcohol, Tobacco and Firearms Taxes," has been oft proffered and as frequently rejected.  In the interest of brevity the petitioner cites this honorable Court to <u>United States v. Plemons</u>, 2005 WL 3817683 (E.D.Tenn.), 97 A.F.T.R.2d 2006-899 (Slip Copy attached hereto as Attachment 2), in support of its assertion that the respondent's claim is meritless.

    4.    Respondent's assertion  that because the summons' in question was issued by an officer of the Service's Small Business / Self-Employed Division, a division which allegedly has no jurisdiction over his tax situation, is meritless, unsupported by caselaw and contrary to the relevant statutes.  Congress authorized the Secretary of the Treasury to issue summonses, 26 U.S.C. § 7602(a)(2), and has allowed for the delegation of that authority, pursuant to 26 U.S.C. §§ 7701(a)(11)(B) and (a)(12)(A), to flow directly to the Commissioner of the IRS. *See* 26 C.F.R. § 301.7602-1.  The Commissioner's authority is re-delegated to those working under him so that the objectives and responsibilities of the IRS may be accomplished.  Revenue Officers such as Officer Cauley, regardless of the particular IRS division to which they have been assigned, are authorized by law to issue and serve summonses, as well as to establish the time and place for appearance, to take

testimony under oath of the persons summoned, and to receive and examine data produced in compliance with the summonses. *See,* Attachment 3, Internal Revenue Manual 1.2.52.7, Delegation Order 4, August 16, 2002 *and see* Attachment 2.

    5.    Finally, the petitioner is seeking legal fees of $1,800.00 for acquiring the frivolous legal documents attached to his complaint. The respondent has not demonstrated how he arrived at the amount that he is seeking. Further, he has not shown that the Services' position is not substantially justified. Furthermore, it has not been determined that he is the prevailing party. I.R.C. section 7430; National Indus. Investors v. Commissioner, T.C. Memo 1996-423.

    Respectfully submitted this 16th day of August, 2006.

    LEURA G. CANARY
    United States Attorney

    By: s/R. Randolph Neeley
    R. RANDOLPH NEELEY
    Assistant United States Attorney
    Bar Number: 9083-E56R
    Post Office Box 197
    Montgomery, AL  36101-0197
    Telephone No.: (334) 223-7280
    Facsimile No.: (334) 223-7418
    **E-mail: rand.neeley@usdoj.gov**

**CERTIFICATE OF SERVICE**

I hereby certify that on August 16, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed, by United States Postal Service, a copy of same to the following non-CM/ECF participant(s):

>Barry S. Ford, *pro se*
>1704 Trawick Road
>Dothan, AL 36305

>s/R. Randolph Neeley
>Assistant United States Attorney