**Westlaw Download Summary Report for NEELEY,RANDOLPH 382761**

| | |
|---|---|
| Your Search: | "individual Master File" /p "privacy Act" |
| Date/Time of Request: | Wednesday, August 16, 2006 17:46:00 Central |
| Client Identifier: | DOJ |
| Database: | w_cs_allfeds |
| Citation Text: | Slip Copy |
| Lines: | 127 |
| Documents: | 1 |
| Images: | 0 |

The material accompanying this summary is subject to copyright. Usage is governed by contract with Thomson, West and their affiliates.

Westlaw.

Slip Copy                                                                                                        Page 1
Slip Copy, 2006 WL 1374472 (E.D.Mich.), 97 A.F.T.R.2d 2006-2623, 2006-2 USTC P 50,396
**(Cite as: Slip Copy)**

Briefs and Other Related Documents

United States District Court,E.D. Michigan,Southern Division.
Louis Daniel SWARTZ, Plaintiff(s),
v.
INTERNAL REVENUE SERVICE, Defendant(s).
**No. 05-72215.**

May 18, 2006.

Louis Daniel Swartz, Grand Blanc, MI, pro se. Jennifer L. Best, Richard C. Ambrow, Jr., U.S. Department of Justice, Washington, DC, Francis L. Zebot, U.S. Attorney's Office, Detroit, MI, for Defendant(s).

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**
VICTORIA A. ROBERTS, District Judge.
***1** This matter is before the Court on Defendant Internal Revenue Service's ("IRS") Motion to Dismiss the Amended Complaint.[FN1] For the reasons stated below, Defendant's motion is **GRANTED.**

> FN1. The Court notes that Plaintiff filed a response, but styled it as a Motion to Strike Internal Revenue Service's Motion to Dismiss Amended Complaint. Defendant filed a Response to Plaintiff's motion, and Plaintiff filed a second motion to strike Defendant's motion.
> The Court will regard Plaintiff's first and second motions to strike as a Response and Surreply, respectively, to Defendant's motion. Defendant's Response to Plaintiff's first motion will be regarded as a Reply.

Plaintiff Louis Daniel Swartz is a *pro se* litigant. In his Amended Complaint, Plaintiff alleges that: 1) Defendant failed to maintain accurate records, in violation of 5 U.S.C. § 552a(g)(1)(C) (Count I); 2) Defendant failed to amend its records in violation of 5 U.S.C. § 552a(d)(2)(A) and (B) (Count II); and 3) Defendant deprived him of substantive due process rights (Count III). In a prior Order, the Court dismissed Count III for lack of subject matter jurisdiction. *See* Order, October 26, 2005. Defendant requests dismissal of the remaining Counts.

Plaintiff's claims in Counts I and II are brought under the Privacy Act, 5 U.S.C. § 552a, *et seq.* The Privacy Act requires that each agency which maintains a system of records "maintain all records which are used by the agency in making any determination about any individual with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination." 5 U.S.C. § 552a(e)(5). An individual may review records pertaining to him and request amendment of

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy    Page 2
Slip Copy, 2006 WL 1374472 (E.D.Mich.), 97 A.F.T.R.2d 2006-2623, 2006-2 USTC P 50,396
**(Cite as: Slip Copy)**

any portion believed to be inaccurate, irrelevant, untimely or incomplete. 5 U.S.C. § 552a(d)(1)-(2)(A). In response, the agency must either make the requested correction or advise the individual of its refusal to amend the record and the reason for the refusal. 5 U.S.C. § 552a(d)(2)(B). If the agency refuses to amend and the individual is unsuccessful in his administrative appeals of the agency's decision (in accordance with 5 U.S.C. § 552a(d)(3)), the individual may bring a civil action against the agency in district court. 5 U.S.C. § 552a(g)(1).

Plaintiff brings this action under subsections (d) and (g) of the Privacy Act. In September 2004, Defendant demanded that Plaintiff pay unpaid taxes in excess of $20,000 for the 2001 year. Amended Complaint at ¶ 4. Plaintiff disputed the debt and requested records from Defendant pertaining to its claim. *Id* at ¶ 5. In response, Plaintiff received the Official Individual Master File account records for 2001. *Id* at ¶ 7. In those documents, Plaintiff alleges that there are a number of incorrect computer codes, which he says shows that Defendant's records are procedurally deficient and that no assessment exists. *Id.* Per Plaintiff, these errors ultimately resulted in collection action being taken against him by Defendant. *Id.* Consequently, in Count I, Plaintiff alleges that Defendant is liable for failing to maintain accurate records. In Count II, Plaintiff alleges that Defendant failed to respond to his request that it correct the alleged errors.

Defendant argues that the Court lacks subject matter jurisdiction over both claims because the Internal Revenue Code ("IRC") expressly exempts the records at issue from the amendment provisions of the Privacy Act. Defendant is correct.

**\*2** Subsection (e) of the IRC states:
The provisions of subsection (d), (2), (3), and (4) and (g) of section 552a of title 5, United States Code, shall not be applied, directly or indirectly, to the determination of the existence or possible existence of liability (or the amount thereof) of any person for any tax, penalty, interest, fine, forfeiture, or other imposition or offense to which the provisions of this title apply.

26 U.S.C. § 7852(e). As Defendant contends, several courts have found that, under § 7852(e), the district court does not have jurisdiction over civil actions seeking access to, or amendment of, IRS records pertaining to tax liability. *See England v. Commissioner of Internal Revenue,* 798 F.2d 350, 352 (9th Cir.1986)(district court did not have jurisdiction over plaintiff's attempt to have words "tax protester" removed from IRS records pertaining to him because the records at issue were generated in the course of the IRS' processing of plaintiff's tax returns and determination of his tax liability); *O'Connor v. United States,* 669 F.Supp. 317, 322 (D.Nev.1987)(finding that court lacked jurisdiction over plaintiffs' claim that defendant's refused to release documents identifying them as tax protesters as well as certain tax forms, because "[s]uch information clearly relates to the determination by the IRS

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                                 Page 3
Slip Copy, 2006 WL 1374472 (E.D.Mich.), 97 A.F.T.R.2d 2006-2623, 2006-2 USTC P 50,396
**(Cite as: Slip Copy)**

of the existence or possible existence of liability...."); *Hudgins v. Internal Revenue Service,* 1984 W.L. 1103 (D.D.C.1984)(finding that § 7852(e) barred plaintiff's attempt to invoke the Privacy Act to compel the IRS to amend its records to reflect his alleged tax exempt status); *Baker v. United States,* 1986 W.L. 5917 (N.D.Tex.1986)(finding that, under § 7852(e), the Privacy Act did not apply to plaintiff's attempt to compel the IRS to produce records pertaining to his tax liability).

Plaintiff explicitly alleges that the claimed errors in Defendant's records resulted in an erroneous tax assessment against him. Plaintiff's claims in Counts I and II, therefore, fall squarely within the exemption set forth in § 7852(e). Consequently, the Court lacks subject matter jurisdiction over Plaintiff's claims and Defendant's motion must be **GRANTED.**

There is no merit to Plaintiff's assertion that Defendant's motion is "void" because, when Defendant's motion was filed, he had not yet formally served the Amended Complaint upon Defendant.[FN2] Plaintiff asserts that Defendant cannot submit any pleadings until properly served. Plaintiff, however, cites no authority in support of his assertion. In fact, under FRCP 12(g), and (h), insufficiency of service of process is an affirmative defense that may be waived if not raised by Defendant.

> FN2. Plaintiff has since filed a return of service indicating that service of process was made on the IRS Commissioner on April 14, 2006.

Plaintiff's Amended Complaint is **DISMISSED.**

**IT IS SO ORDERED.**

E.D.Mich.,2006.
Swartz v. I.R.S.
Slip Copy, 2006 WL 1374472 (E.D.Mich.), 97 A.F.T.R.2d 2006-2623, 2006-2 USTC P 50,396

Briefs and Other Related Documents (Back to top)

- 2006 WL 1785073 (Trial Motion, Memorandum and Affidavit) Plaintiff's Motion for Reconsideration of Order Dismissing Plaintiff's Amended Complaint (May 30, 2006) Original Image of this Document (PDF)
- 2006 WL 352573 (Trial Motion, Memorandum and Affidavit) Plaintiff's Motion to Strike Internal Revenue Service's Motion to Dismiss Amended Complaint (Jan. 17, 2006) Original Image of this Document with Appendix (PDF)
- 2005 WL 1792692 (Trial Pleading) Complaint (Jun. 6, 2005) Original Image of this Document with Appendix (PDF)
- 2:05cv72215 (Docket) (Jun. 6, 2005)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.