IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Petitioner, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 1:06mc3297-MHT |
| BARRY S. FORD, | ) ) | (WO) |
| Respondent. | ) | |

OPINION AND ORDER

This action to enforce an Internal Revenue Service ("IRS") summons is before the court on respondent Barry S. Ford's motion to dismiss. Jurisdiction in this court is proper under 26 U.S.C. § 7604(a). For the reasons that follow, the motion will be denied.

The IRS, in order to enforce a summons, "must show that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the [IRS's] possession, and that the administrative steps required by the Code have been

followed." United States v. Powell, 379 U.S. 48, 57-58 (1964). This burden is minimal; it is met "merely by presenting the sworn affidavit of the agent who issued the summons attesting to these facts." La Mura v. United States, 765 F.2d 974, 979 (11th Cir. 1985).

This burden has been met by the affidavits presented in this case.[1] Where, as here, the IRS presents such affidavits, the "burden shifts to the party contesting the summons to disprove one of the four elements of the government's prima facie showing or convince the court that enforcement of the summons would constitute an abuse of the court's process." Id. at 979-80. Such an abuse occurs if "the summons ha[s] been issued for an improper purpose, such as to harass the taxpayer or to put pressure on him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation." Powell, 379 U.S. at 58. "The

---

   1. Exhibit 1 to the petition to enforce IRS Summons (Doc. No. 1), declaration of Brenda Cauley; Exhibit 2 to the petition to enforce IRS Summons (Doc. No. 1), affidavit of Robert A. Hoeker.

burden on the contesting party is a heavy one, requiring allegation of specific facts and introduction of evidence." United States v. Leventhal, 961 F.2d 936, 940 (11th Cir. 1992) (internal citations and quotations omitted).

Ford argues that the IRS cannot enforce a summons against him for three reasons:  First, the service does not have the authority to take action against him because it has failed to amend its records; second, the officer who issued the summons does not have to authority to issue such a summons; and, third, the summons cannot issue other than to those involved in activities involving alcohol, tobacco or firearms.  None of these arguments has merit.

## I.  Failure to Amend Records

Ford contends that the IRS cannot issue a summons against him because it has failed to correct records concerning him that are incorrect.  His argument proceeds

on two grounds: first, that the IRS must have accurate records in order to enforce the summons; and, second, that the IRS is in violation of regulations and statutory commands, and this court should compel, correction of the records.

Ford's arguments fail at the outset because he has produced literally no evidence that the records are, in fact, inaccurate.  He has produced many documents purporting to explain the way that the system works, and has produced many documents that the IRS maintained on him, but nothing other than his unsworn assertions that the information contained in the files is not accurate. He has failed to carry his burden, even if his arguments had any legal merit, because he has not cited "specific facts and introduc[ed] evidence."  <u>Leventhal</u>, 961 F.2d 936, 940.

More importantly, Ford's argument that the records are incorrect and, thus, the summons cannot be enforced rests on a misapprehension of the law.  Specifically,

4

Ford argues that the IRS must have "proof" that he is involved in a small business activity in order for a summons to be enforced, and that the purported inaccuracy of the records shows that the IRS does not have such proof. Ford is incorrect. "[T]he commissioner need not meet any standard of probable cause to obtain enforcement of his summons." Powell, 379 U.S. 48. The Supreme Court has explained that:

> "Although a more stringent interpretation is possible, one which would require some showing of cause for suspecting fraud, we reject such an interpretation because it might seriously hamper the Commissioner in carrying out investigations he thinks warranted, forcing him to litigate and prosecute appeals on the very subject which he desires to investigate, and because the legislative history of § 7605(b) indicates that no severe restriction was intended."

Id. at 52-3.

Rather, the court requires an affirmative showing of the Powell factors recited above. The IRS, as noted above, has met its burden in this respect through its

officers' declaration and affidavit. Nothing in this proceeding rests on the accuracy of the records respondent cites. There is no evidence that the purported inaccuracy of the IRS's records shows an abuse of this court's process. Those records are thus simply not relevant to this process, and the purported inaccuracy of the records therefore has no bearing on whether the summons will be enforced.

Ford also argues that the IRS has violated 5 U.S.C. §§ 552a(d)(2)(A), 552a(d)(2)(B) and 552a(d)(3)[2], by

---

2. Those sections, part of the Privacy Act of 1974, provide for access to and correction of records. They provide that,
> "each agency that maintains a system of records shall--
>
> ...
>
> (2) permit the individual to request amendment of a record pertaining to him and--
>
> (A) not later than 10 days (excluding Saturdays, Sundays, and legal public holidays) after the date of receipt of such request, acknowledge in writing such receipt; and

(continued...)

---

2. (...continued)
   (B) promptly, either--

   (i) make any correction of any portion thereof which the individual believes is not accurate, relevant, timely, or complete; or

   (ii) inform the individual of its refusal to amend the record in accordance with his request, the reason for the refusal, the procedures established by the agency for the individual to request a review of that refusal by the head of the agency or an officer designated by the head of the agency, and the name and business address of that official;

   (3) permit the individual who disagrees with the refusal of the agency to amend his record to request a review of such refusal, and not later than 30 days (excluding Saturdays, Sundays, and legal public holidays) from the date on which the individual requests such review, complete such review and make a final determination unless, for good cause shown, the head of the agency extends such 30-day period; and if, after his review, the reviewing official also refuses to amend the record in accordance with the request, permit the individual to file with the agency a concise statement setting forth the reasons for his disagreement with the

(continued...)

failing to correct the records, and that this court should compel correction. Even if this were the proper juncture at which, or action in which, to make this argument, this argument fails. 26 U.S.C. § 7852(e) does not permit the application of those sections in this action. Section 7852(e)provides that, "[t]he provisions of subsections (d)(2) [and] (3) ... of section 552a of title 5, United States Code, shall not be applied, directly or indirectly, to the determination of the existence or possible existence of liability (or the amount thereof) of any person for any tax, penalty, interest, fine, forfeiture...." 26 U.S.C. 7852(e). Ford would require this court do just that; enforcement of the

---

    2.  (...continued)
        refusal of the agency, and notify the individual of the provisions for judicial review of the reviewing official's determination under subsection (g)(1)(A) of this section ...."

5 U.S.C. § 552a(d).

summons directly affects the determination of liability under Title 26.

## II. Lack of Authority of a Small Business/Self-Employed Business Officer to Issue Summons

Ford argues that the Small Business/ Self-Employed Business Division of the IRS had no authority to issue a summons, because he is neither a small business nor self-employed. This argument fails, first, because he presents no evidence that this is so, and, second, because the Small Business/Self-Employed Business Division has been issued authority to issue summonses without regard to whether they concern small or self-employed business.[3] The Secretary of the Treasury has the statutory authority to issue summonses, 26 U.S.C. § 7602(a)(2), and statute provides for delegation of that authority to the Commissioner of the IRS, 26 U.S.C. §§ 7701(a)(11)(B), 7701(a)(12)(A). The Commissioner is

---

3. Exhibit 3 to the IRS's Response in Opposition to the Motion to dismiss (Doc. 11), Delegation Order.

authorized to issues summonses by regulation of the Treasury. 26 C.F.R. § 301.7602. The Commissioner, in turn, has delegated that authority with the IRS's Delegation Order 4.[4] Thus, it is of no consequence that the summons was issued by an officer of the Small Business/Self-Employed Business division.

### III. The IRS's Lack of Authority

Ford argues that the IRS lacks the authority to investigate him because "the authority and implementing regulations" that he understands the government to rely on "rest not in Title 26 Income Taxes but in Title 27 Alcohol, Tobacco and Firearms Taxes."[5] This argument has been repeatedly, and correctly, rejected. <u>See</u>, <u>e.g.</u>, <u>United States v. Strett</u>, 791 F.Supp. 563, 568 (D.Md. 1992); <u>United States v. Plemons</u>, 2005 WL 3817683 (E.D. Tenn. 2005). As those courts correctly point out with

---

4. <u>Id</u>.

5. Ford's Motion to Dismiss (Doc. 9).

respect to 26 U.S.C. § 7602(a), which provides for the issuance of IRS summonses, "The plain language of 26 U.S.C. § 7602(a) allows the IRS to summon 'any person' to determine his or her tax liability. The statute, by its very language, imposes no restrictions that limit the scope of the summons authority to persons involved in alcohol, tobacco, and firearms activities." Plemons, 2005 WL 3817683, *2. Further, the regulatory authority, which Ford has apparently overlooked, can be found in Treasury regulation 26 C.F.R. § 301.7602, which authorizes the issuance of summonses. These regulations similarly apply to the examination of the records of "any person for any internal revenue tax."

For the foregoing reasons, it is ORDERED that the respondent Barry S. Ford's motion to dismiss (Doc. No. 9) is denied.

DONE, this the 25th day of August, 2006.

        /s/ Myron H. Thompson
    UNITED STATES DISTRICT JUDGE